J-S47026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELBERT JOHNSON | |
| Appellant | No. 2776 EDA 2016 |

Appeal from the PCRA Order August 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015349-2007

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:　　　　**FILED DECEMBER 07, 2017**

Elbert Johnson appeals from the August 8, 2016 order entered in the Philadelphia County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. We affirm.

We set forth the factual and procedural history of this matter in a previous memorandum where we reinstated Johnson's appellate rights *nunc pro tunc*.  ***See Commonwealth v. Johnson***, No. 1221 EDA 2012, unpublished mem. at 2 (Pa.Super. filed Apr. 23, 2013) (quoting Trial Ct. Op., 7/18/12, at 1-2, and adopting trial court's recitation of relevant factual history, *id.* at 2-7).  The Pennsylvania Supreme Court denied Johnson's petition for allowance of appeal on September 17, 2013.

On December 30, 2013, Johnson filed a *pro se* PCRA petition. The PCRA court appointed counsel, who subsequently filed an amended PCRA petition on January 20, 2016. On April 27, 2016, the Commonwealth filed a motion to dismiss. On July 6, 2016, the PCRA court sent notice of intent to dismiss Johnson's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On August 8, 2016, the PCRA court dismissed the petition. Johnson timely filed a notice of appeal.

Johnson raises the following issues on appeal:

I.     Whether the court erred in denying [Johnson]'s PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

II.    Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

Johnson's Br. at 8 (answers below omitted).

Our standard of review from the denial of PCRA relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. We will not disturb findings that are supported by the record." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011) (internal citation omitted).

Furthermore, the right to an evidentiary hearing on a PCRA petition is not absolute. ***Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa.Super. 2008). "[I]f the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Id.*** (quoting ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa.Super. 2008)). "A

reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Id.*

Johnson claims that trial counsel was ineffective for failing to file a post-sentence motion to reconsider sentence.[1]

We conclude that Johnson has waived this issue. Under section 9544(b) of the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). We have held that the waiver provision of the PCRA applies to improperly raised claims:

> We note that the PCRA's definition of waiver speaks only of claims that **could** have been raised, but were not. **See** 42 Pa.C.S.[] § 9544(b). It does not specifically address claims that **were** raised, but raised improperly. Nonetheless, we see no reason the definition would not apply to both types of waiver; thus, we assume it applies to all claims not preserved, whether by omission or imprecision . . . .

*Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa.Super. 2007) (emphasis in original).

In Johnson's first amended PCRA petition, filed on October 7, 2011, Johnson requested that the PCRA court reinstate his right to file post-sentence motions and his direct appeal rights *nunc pro tunc*. The PCRA court granted

---

[1] Johnson filed an untimely *pro se* "Motion for Reconsideration and/or Reduction of Sentence" on June 24, 2009.

the petition to reinstate his direct appeal rights, but denied his request to reinstate his post-sentence motion rights. Johnson then appealed the PCRA court's decision to this Court. We observed that "in his PCRA petition, [Johnson] gave no reasons for why his post-sentence motion rights should be reinstated." *Johnson*, No. 1221 EDA 2012, unpublished mem. at 4. We also noted that a PCRA court is free to reinstate a defendant's right to file post-sentence motions *nunc pro tunc* "[i]f a defendant successfully pleads and prove that he was deprived of the right to file and litigate [post-sentence] motions as a result of the ineffective assistance of counsel." *Id.* (quoting *Commonwealth v. Liston*, 977 A.2d 1089, 1094 n.9 (Pa. 2009)). We agreed with the PCRA court that Johnson's claim was "'completely unsupported' because [Johnson] failed to plead and prove why post-sentence motion rights should be reinstated." *Id.* at 4-5.

Because Johnson did not adequately plead and prove the issue of trial counsel's ineffectiveness for failing to file post-sentence motions when he previously could have – that is, when he sought reinstatement of his post-sentence motion rights *nunc pro tunc* in 2011 – we will not permit him to now argue the identical issue. Accordingly, we conclude that he has waived this issue.[2] Because Johnson has waived this issue, there is no genuine issue of

_____

[2] Even had Johnson not waived the issue, we would conclude that he is not entitled to relief. Our Supreme Court has held that counsel's failure to file a post-sentence motion "does not fall within the limited ambit of situations

material fact, and the PCRA court appropriately dismissed the petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2017

_____

where a defendant alleging ineffective assistance of counsel need not prove prejudice to obtain relief." **Commonwealth v. Liston**, 977 A.2d 1089, 1092 (Pa. 2009).  In **Commonwealth v. Reaves**, the Court held:

> Whether . . . counsel can be deemed ineffective . . . depends upon whether appell[ant] has proven that a motion to reconsider sentence, if filed . . . , would have led to a different and more favorable outcome at . . . sentencing.  In this context, the only way the proceeding would have been more favorable would be if counsel[] . . . secured a reduction in the sentence.

923 A.2d 1119, 1131-32 (Pa. 2007).  Here, Johnson has failed to prove that he would have received a more favorable sentence had trial counsel filed a motion for reconsideration of sentence.